June 16, 1910.

---

## No. 5092.

### (Court of Appeal, Parish of Orleans.)

## OZONE LUMBER CO., LTD. vs. W. T. KING.

Pierson, Walton & Pierson for plaintiff and appellant.

F. R. Richardson for defendant and appellee.

ST. PAUL, J.—Plaintiff sues as a corporation, and defendant, by way of exception, denies any corporate existence in plaintiff.

On the trial of said exception, plaintiff offered a certified copy of its charter executed before a notary public

on October 31st, 1908, and regular in form, together with a certificate from the Secretary of State, showing that the same had been duly recorded, published and filed according to law, which certificate, issued under Act 59 of 1898, is **prima facie** evidence of the facts herein recited.

We are of opinion that this was sufficient. Whatever may have been in the minds of the parties when they attempted to incorporate, Act 78 of 1904, was then, and is now, in force, and is the general incorporation law of this State, governing the status of corporations created or attempted since it went into force.

> **Dilzell Engineering Co. vs. Lehman et al., 120 La. 274.**

Section 2 of the act provides:

> "That, wherever parties have attempted to form a corporation and have executed, recorded and published the charter, all contracts made and acts done by such corporation shall be treated as the contracts and acts of valid corporations so far as affects the rights and obligations of the corporation and its shareholders reserving, however, to the State the right to take such proceedings as may be authorized by law to enjoin or dissolve the said corporation, if informal, or to compel the compliance by them with the requirements of the law for the formation of corporations."

(The act does not apply to corporations formed for the purpose of conducting an insurance or banking business or business entitling the corporation to exercise the power of eminent domain.)

The provisions of this section are sweeping, but the meaning is clear. Wherever parties have attempted to incorporate by executing, recording and publishing a charter the body so formed shall be treated as a body cor-

porate and validly organized for all intents and purposes, except at the suit of the State to dissolve the same for informality or compel compliance with the law.

"All contracts made and acts done by such corporation shall be treated as the contracts and acts of valid corporations," says the statute; that is to say, that the body so formed shall be considered as a valid corporation for all purposes save and except where proceedings "quo warranto" are instituted by the State itself.

We are, therefore, of opinion that defendant cannot in these proceedings, question the corporation existence of plaintiff.

Other exceptions were filed by defendant but they are not urged before this court, and we perceive no merit in them.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that the exceptions filed by the defendant be overruled and the case remanded for further proceeding according to law; defendant (appellee) to pay the costs of this appeal, and the costs of the court a qua to abide the final determination of the cause.

June 17, 1910.

Rehearing refused June 29, 1910.